## HOWARD STANTON v. STATE.

No. A-4937.   Opinion Filed May 13, 1925.
(235 Pac. 941.)

(Syllabus.)

**Larceny—Evidence Sustaining Conviction of Grand Larceny.** In prosecution for grand larceny, evidence held to sustain a conviction.

Appeal from District Court, Wagoner County; E. A. Summers, Judge.

Howard Stanton was convicted of the larceny of a Ford car, and he appeals. Affirmed.

See, also, 23 Okla. Cr. 193, 213 P. 914.

Bert Van Leuven, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that in Wagoner county, July 20, 1920, Howard Stanton and A. J. Johnson did take, steal, and carry away by stealth, a 5-passenger Ford automobile the property of J. L. Raper. On his separate trial the jury returned a verdict finding the defendant Howard Stanton guilty of larceny of an automobile as charged in the information, and fixed his pun-

ishment at confinement in the penitentiary for a term of 5 years. From the judgment rendered in accordance with the verdict on May 28, 1923, an appeal was duly perfected, but no brief in support of the assignments of error has been filed, and no appearance made on behalf of appellant in this court.

The errors assigned are, in substance, that the verdict of the jury is contrary to both the law and the evidence, and that the court misdirected the jury as to matters of law, and erred in its decisions as to questions of law arising during the course of the trial.

The evidence shows that J. F. Raper, a county commissioner of Wagoner county and merchant at Coweta, where he resides, missed his car from his garage on the morning of July 21, 1920; the car was returned to him by the chief of police of Pawhuska. The car had inner linings between the casings, and he identified it by the number on the engine, although the two last figures had been tampered with.

J. E. Cates, chief of police of Pawhuska, testified: That, in company with 3 or 4 other officers, he met the defendant on August 8th, near the city of Wynona, driving a Ford car described as stolen from Mr. Raper. Chief Cates asked him where he got the car, and the defendant said he bought it from a boy. The number had been mutilated, but by using a glass the original number could be made out. That he notified the owner, Mr. Raper, who came and identified the car.

As a witness in his own behalf, the defendant testified: That he lived in the vicinity of Wynona. That he was in Wynona on July 21, and a fellow was trying to sell the car to Newt Simpson, who said he did not want it. That he then asked about the price, and the man said that he would take $650 for the car. That he offered $600 and finally offered to split the difference, and the man said he

could have it. That he paid this man in currency $625, and took from him a bill of sale signed Bert Johnson, with M. M. Weinberger and John Stephens witnesses, dated July 22, 1920.

On cross-examination, the defendant stated that he had won $340 of the purchase price playing poker, and the balance of the money he had collected for pasture rent.

While the defendant is not represented in this court, we have carefully gone through the record and find it free from substantial error. No objection was made or exceptions reserved to the instructions given, and they fully and correctly cover the law applicable to the case.

The jury evidently did not believe the story of the defendant as to how he secured possession of the car, and we find nothing that gives us the right to say that the interests of justice require a new trial.

The judgment herein is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.